## WIGHT *vs.* PRESCOTT.

C. B. P. being the owner in fee of certain premises, subject to the payment of an annual rent to D., executed a mortgage thereon to the loan commissioners. The interest on such mortgage being unpaid, the commissioners foreclosed the same, and upon the sale, the mortgaged premises were purchased by E. P., a brother of the mortgagor, who received a deed of the premises, and executed a new mortgage thereon to the loan commissioners, to secure the amount of the original loan. Subsequently, the rent due to D. not having been paid, she brought an ejectment against C. B. P., and obtained a judgment by default therein. C. B. P. then obtained from D. a new lease in fee of the premises. The mortgage given by E. P. was also foreclosed, and upon a sale of the premises the same were purchased by the plaintiff. On a bill filed by the plaintiff against C. B. P., charging that the mortgage executed by E. P. remained an equitable lien upon the premises as against C. B. P., notwithstanding the re-entry of D. and the new lease executed by her, and that C. B. P. suffered the premises to be sold upon the mortgage executed by him, and caused his brother to purchase them, and then procured or permitted D. to re-enter for the non-payment of rent, with the fraudulent intent of preventing the premises from being held liable for the payment of the money borrowed by him; and praying that C. B. P. might be compelled to release the premises, and surrender the possession to the plaintiff; *Held*, that the facts showed a fraudulent design on the part of C. B. P. to displace the lien of the mortgage, and to obtain, under the recovery of D., a title to the premises, unincumbered by such mortgage; and that the plaintiff was entitled to a decree declaring the mortgage executed by E. P. was a lien upon the premises, and directing the defendant to release to the plaintiff any interest in the premises acquired by virtue of the new lease executed by D., and to surrender the possession of the premises.

Where a fraudulent intent is alleged in the bill, and denied in the answer, such denial repels the presumption of fraud arising from the facts stated in the bill, and admitted in the answer; unless the plaintiff puts the question of fraud in issue by a replication to the answer.

*Aliter* where the facts stated in the bill, and admitted in the answer, amount to *conclusive* evidence of fraud.

IN EQUITY. On the 4th of August, 1837, Charles B. Prescott, being the owner in fee of certain premises in the city of Troy, subject to the payment of an annual rent of $12,50 to Blandina Dudley, executed a mortgage upon the premises to the loan commissioners of the county of Rensselear to secure the sum of $1280. The interest upon the mortgage being

unpaid, the commissioners, on the 3d of February, 1840, sold the mortgaged premises to Ebenezer Prescott, a brother of Charles B. Prescott. The amount bid was $3650. The purchaser received a deed and paid the amount of the interest and the expenses of foreclosure, and executed a new mortgage to the commissioners, upon the same premises, to secure the original amount of the loan. The surplus was assigned by Charles B. Prescott to Ebenezer Prescott, and was never paid by him.

The rent due to Mrs. Dudley not having been paid, she brought an action of ejectment against Charles B. Prescott, who remained in the possession of the premises; and on the 3d of October, 1843, judgment by default was obtained in the ejectment suit. Ebenezer Prescott knew of the proceedings to recover the possession of the premises for the non-payment of rent. Charles B. Prescott having obtained a discharge from his debts, under the bankrupt act, procured from Mrs. Dudley, on the 1st day of May, 1844, a new lease in fee for the premises, reserving the same annual rent as was reserved in the former lease; he paying the rent in arrear and the costs of the proceedings in the suit in ejectment. The interest on the mortgage executed by Ebenezer Prescott not having been paid, that mortgage was also foreclosed by the loan commissioners, and the premises were again sold on the 4th day of February, 1845, and purchased by the plaintiff for $1380. The plaintiff having received a deed for the premises, from the loan commissioners, filed his bill against Charles B. Prescott, in which he charged that the mortgage executed by Ebenezer Prescott remained an equitable lien upon the premises, as against Charles B. Prescott, notwithstanding the re-entry of Mrs. Dudley and the new lease executed by her after such re-entry. The bill also charged that Charles B. Prescott suffered the premises to be sold upon the mortgage executed by him, and procured his brother to purchase them, and then procured, or permitted Mrs. Dudley to re-enter for the non-payment of rent, with the fraudulent intent of preventing the premises from being held liable for the payment of the money he had borrowed from the loan commissioners. The bill prayed that Charles B. Prescott

might be compelled to release the premises, and surrender possession to the plaintiff, and for general relief.

Prescott put in his answer to the bill, admitting the material facts, as stated, but denying all the allegations of fraud. A replication to the answer was filed, and before any further proceedings were had, Prescott, the defendant, died. By his will he devised the premises in question to his widow, the defendant in this suit; against whom the plaintiff, after the death of her husband, filed an original bill in the nature of a bill of revivor and supplement. The defendant, in her answer, admitted the proceedings in the original suit, and that she claimed to hold the premises as the devisee of her husband, free and discharged from the lien of the mortgage. A replication was put in to her answer, and proofs were taken showing the regularity of the proceedings upon the foreclosure of the mortgage executed by Ebenezer Prescott.

*J. Holmes,* for the plaintiff.

*M. T. Reynolds,* for the defendant.

*By the Court,* HARRIS, P. J.    The facts of this case, as they are admitted by the defendant, unexplained as they are, establish, beyond all reasonable doubt, a fraudulent design on the part of Charles B. Prescott, after having obtained the loan, to displace the lien of the mortgage. That he should have permitted the mortgage executed by him to the loan commissioners, to be foreclosed for the non-payment of interest, and then, upon the sale, should have paid up the interest and costs, and renewed the mortgage in the name of his brother, and having done this, that he should have allowed Mrs. Dudley to re-enter for the non-payment of a small amount of rent, can only be accounted for, I apprehend, upon the presumption that his object was to obtain, under the recovery of Mrs. Dudley, a title to the premises unincumbered by the mortgage. If these circumstances, tending, as they do, to establish a fraudulent intent, and rebutting, as they do, the express denial of fraud in the

answer, were capable of explanation, the defendant was, I think, called upon to furnish such explanation. Where, as in this case, a fraudulent intent is alleged in the bill and denied in the answer, such denial repels the presumption of fraud arising from the facts stated in the bill, and admitted in the answer, unless the plaintiff chooses to put the question of fraud in issue by a replication to the answer. It is true, indeed, that in some cases, a denial of fraud, charged in the bill, will not be sufficient to overcome, even upon bill and answer, the evidence of fraud derived from the facts stated in the bill and admitted in the answer. But this is only in cases where the facts thus alleged and admitted amount to *conclusive* evidence of fraud. (*Cunningham* v. *Freeborn*, 11 *Wend.* 240.) Where, however, the facts alleged and admitted only furnish *presumptive* evidence of fraud, the denial of such fraudulent intent is equivalent to an averment by the defendant that he is able so to explain the facts as to rebut the presumption of fraud. He is entitled to an opportunity to do this; and if it is withheld, and the plaintiff chooses to bring the cause to a hearing upon bill and answer, the general denial of fraud in the answer will be available as a defence. But when the plaintiff chooses to put the question of fraud at issue by a replication, the defendant, if he would avoid the inference of fraud, to be derived from the circumstances alleged and admitted, must furnish such explanatory evidence as shall satisfactorily repel the presumption of fraud. In this case, although the opportunity was given, no such evidence was produced. Indeed, it is not easy to see how it were possible, so to explain the acts of Charles B. Prescott, as they are stated in the bill and admitted in the answer, as to divest the transaction of a fraudulent intent. The only natural explanation to be given to the circumstances, seems to be, that Prescott allowed the mortgage to be foreclosed and the title to become vested in his brother, and then procured, or at any rate, suffered, Mrs. Dudley to re-enter for the non-payment of rent, for *the sole purpose* of effecting a preconceived design of displacing the lien of the mortgage executed to the loan commissioners.

It may well be doubted whether, under the circumstances of this case, Charles B. Prescott, and those holding under him, should not be held to be estopped from denying the validity of the lien of the mortgage under which the plaintiff claims title. But as the facts in the case are sufficient to warrant the conclusion that the whole transaction is characterized by fraud on the part of Prescott, and as those facts are wholly unexplained by the defendant, it is unnecessary to inquire whether the defendant would be at liberty, under any circumstances, to insist upon the title acquired under the re-entry of Mrs. Dudley, to defeat the lien of the mortgage.

There must be a decree, declaring that the mortgage executed by Ebenezer Prescott to the loan commissioners was a lien upon the mortgaged premises, notwithstanding the re-entry of Mrs. Dudley for the non-payment of rent, and directing the defendant to release to the plaintiff any interest in the premises acquired by Charles B. Prescott by virtue of the lease executed to him by Mrs. Dudley, and, if in possession, to surrender the possession of the premises to the plaintiff. Neither party to have costs as against the other.

